**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Kathleen Ray,<br><br>    Appellant<br><br>v.<br><br>Deutsche Bank National Trust Co., as Trustee for FFMLT Trust 2005-FF8, Mortgage Pass-Through Certificate Series, Its Assignees and Successors,<br><br>    Appellee | Case No.: 2:17-cv-02384-JAD<br><br>**Decision Affirming Bankruptcy Court's Order Granting in Part and Denying in Part Motion for Relief from Automatic Stay and Granting Motion to Expunge Lis Pendens**<br><br>[ECF No. 21] |

Kathleen Ray challenges the bankruptcy court's decision to grant Deutsche Bank National Trust Co., as Trustee for FFMLT Trust 2005-FF8, relief from the automatic stay of eviction proceedings in Nevada state court. Ray argues that the bankruptcy court lacked jurisdiction to rule on the motion because Deutsche Bank was acting as trustee for a non-existent entity. Deutsche Bank opposes and moves to expunge the lis pendens that Ray filed and recorded. I have jurisdiction to consider the appeal under 28 U.S.C. § 158(a), and I affirm and grant Deutsche Bank's motion.

**Background**

After Ray became delinquent on her mortgage payments for her home at 4631 Ondoro Avenue, Las Vegas, NV, 89141, Deutsche Bank purchased the property at a foreclosure sale. Nearly seven years after the sale—and after Deutsche Bank initiated eviction proceedings in Nevada state court—Ray filed a Chapter 13 bankruptcy petition pro se.[1] This filing resulted in

---

[1] This is Ray's fourth bankruptcy petition. It appears that she has a history of filing bankruptcy petitions and other actions, as the bankruptcy court noted, "in an effort to forestall" Deutsche

an automatic stay of the eviction proceedings.  The day after Ray filed her petition, Deutsche Bank moved to lift the automatic stay.

Ray opposed the motion, arguing only that Deutsche Bank lacked standing because it was operating as trustee for an entity that did not exist.[2]  She requested an evidentiary hearing on the issue.  The bankruptcy court considered this argument, found that Deutsche Bank had standing, and granted its motion.[3]  Ray moved for reconsideration under Federal Rule of Civil Procedure 59, and the bankruptcy court denied her motion.[4]  This appeal timely followed.[5]

## Discussion

### A.     The bankruptcy court had jurisdiction

Ray's sole attack on the bankruptcy court's decision is that the court lacked jurisdiction to lift the automatic stay because Deutsche Bank lacked "standing or capacity to act on behalf of a Trust that ceased to exist" in 2006.[6]  Ray contends that because the FFMLT was terminated in 2006, Deutsche Bank cannot be the trustee for a trust that does not exist, and so Deutsche Bank lacked standing to move the bankruptcy court to lift the stay.

Ray's purported evidence of FFMLT's termination is a document titled "FORM 15 – Certification and Notice of Termination of Registration under Section 12(g) of the Securities

---

Bank's attempts to evict her from the Ondoro property.  ECF No. 13 (Excerpts of Record, "ER") 92.

[2] ER 21–22.

[3] ER 91–96.

[4] ER 105–09.

[5] ER 110–11.  *See also* Fed. R. Bankr. P. 8002(a) (providing a 14-day window to file a notice of appeal).

[6] ECF No. 14 at 7.  Ray is quite clear about her intentions in bringing this appeal: "This is not an appeal and argument concerning the lifting of the stay, but an argument whether or not jurisdiction was even present to consider a motion and enter an order granting relief to a non-existent party." *Id*. at 5–6.

Exchange Act of 1934 or Suspension of Duty to File Reports Under Sections 13 and 15(d) of the Securities Exchange Act of 1934."[7]  But this form does not carry the weight that Ray claims it does.  By its own title and language, "the document asks the filer to designate the provision under which it seeks to terminate or suspend 'the duty to file reports.'"[8]  It does not, as Ray claims, demonstrate termination of the trust itself.  Instead it operates to terminate the trust's reporting obligations to the Security Exchange Commission.[9]  So, to the extent that Ray depends on the thesis that FFMLT's de-registration with the SEC terminated the trust itself, she is mistaken.  Whether the trust is registered with the SEC has nothing to do with its legal existence, and de-registering the trust doesn't terminate its existence.[10]  I therefore deny Ray's request to void the bankruptcy court's orders for lack of jurisdiction.

Ray points to no additional alleged error by the bankruptcy court.  She contends that it was an abuse of discretion to grant Deutsche Bank's motion and deny her motion for reconsideration without fully considering Ray's evidence of FFMLT's non-existence.  But the bankruptcy court considered Ray's evidence and reached the same conclusion I do—the document has no bearing on Deutsche Bank's standing.[11]  I therefore affirm.

## C. The lis pendens is expunged

Several months after filing her appeal, Ray recorded a notice of lis pendens.[12]  Nevada Revised Statutes 14.010 allows recording of "a notice of the pendency of the action" when there

---

[7] ER 81.

[8] *Smith v. Bank of Am., NA*, 2013 WL 4627689 at *10 (E. D. Tex. Aug. 28, 2013).

[9] *See* 17 C.F.R. §§ 240.12g-4, 240.12h-3, 249.323; *see also Menehune Sun LLC v. Yalimaiwai*, 364 P.3d 252 (Haw. 2015) (Table).

[10] *See* 15 U.S.C. § 78o(b)(5).

[11] ER 93–94, 107–08.

[12] ECF No. 20.  Just over a year later, she filed a continued notice of lis pendens.  ECF No. 23.

is "an action for the foreclosure of a mortgage upon real property, or affecting the title or possession of real property." The same procedure may be used when an action affecting real property is pending in federal court.[13] When the validity of the lis pendens is challenged, the recording party must establish that (1) the action is either a foreclosure of or affects the title or possession of the subject property, (2) the action was not brought in bad faith, (3) the recording party will be able to perform any conditions precedent to the relief sought, (4) the recording party would be injured by the transfer of interest in the property before the action was concluded, and (5) the recording party has either a likelihood of success on the merits or a fair chance of success on the merits.[14] If the recording party fails to establish any of these elements, "the court shall order the cancellation of the notice of pendency."[15]

Deutsche Bank argues that the lis pendens should be expunged because (1) this is not an appeal of a foreclosure action and this action does not affect the title or possession of the property; (2) Ray did not request a stay of the eviction proceedings pending appeal, precluding any argument that the appeal could be construed as related to the possession of the property; (3) the fact that Ray has filed multiple notices of lis pendens in her other litigations shows that she is acting in bad faith; and (4) Ray is not likely to prevail in this appeal and does not have a fair chance of success on the merits in this action.[16] Ray contends that she has met every required element to avoid expunging the lis pendens.[17] But she has not, and I grant Deutsche Bank's motion.

---

[13] Nev. Rev. Stat. § 14.010(2).

[14] *Id.* at § 14.015(2)–(3).

[15] *Id.* at § 14.015(5).

[16] ECF No. 21 at 4.

[17] ECF No. 22 at 4.

4

First, this is not a foreclosure action. And while Ray's underlying bankruptcy case was a reaction to Deutsche Bank's eviction proceedings, Ray has not shown how her bankruptcy action directly affects title or possession of the property. Ray lost title to the property during the original foreclosure—nearly ten years ago now—and apparently was evicted from the premises while this appeal was pending.[18] The pendency of this case, therefore, did not affect title or possession of the Ondoro property. This failure alone is enough to merit expungement of the lis pendens.

But even if this action could be said to affect the title or possession of the Ondoro property, Ray still fails to satisfy the fifth element. She has not shown a likelihood of success on the merits of her claim—in fact, she has not succeeded. Her claim that Deutsche Bank lacks standing because FFMLT is a non-entity has no merit. Ray has therefore failed to make the required showing to avoid cancellation of the notice, so I grant Deutsche Bank's motion.

**Conclusion**

Accordingly, I **AFFIRM** the bankruptcy court's decision to lift the automatic stay and deny Ray's motion for reconsideration. I also **GRANT** Deutsche Bank's motion **[ECF No. 21]** to expunge the notice of lis pendens and **HEREBY ORDER that the notice of lis pendens is expunged**.

I FURTHER ORDER appellant Kathleen Ray to record a copy of this order expunging the lis pendens with the Clark County Recorder's office. Should she fail to do so within 30 days of entry of this order, appellee Deutsche Bank may record this order.

---

[18] *See* ECF No. 21 at 2–3.

     As this case has concluded, the Clerk of Court is directed to ENTER JUDGMENT accordingly and CLOSE THIS CASE.

     Dated: September 1, 2020.

                                                                 U.S. District Judge Jennifer A. Dorsey